IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ATLANTIC MUTUAL INSURANCE COMPANY :
100 WALL STREET :
NEW YORK, NY  10005 :
: 
: CIVIL ACTION NO.:  02-CV-03807-EL
v. :
:
KATHLEEN GULA AND HER HUSBAND, :
PAUL GULA :
824 GROVE AVENUE :
SPRINGFIELD PA 19064 :

**O R D E R**

AND NOW this _____ day of _____, 2002, upon consideration of defendants' Motion to Remand and plaintiff's response, the Court is of the opinion that the motion is not well taken and it should be denied.  It is therefore,

ORDERED, ADJUDGED and DECREED that defendants' Motion to Remand is hereby denied.

BY THE COURT:

_____
Judge Presiding

Case 2:02-cv-03807-EL     Document 5     Filed 09/25/2002     Page 2 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY : <br> 100 WALL STREET : <br> NEW YORK, NY 10005 : <br> : <br> : CIVIL ACTION NO.: 02-CV-03807-EL <br> v.      : <br> : <br> KATHLEEN GULA AND HER HUSBAND, : <br> PAUL GULA : <br> 824 GROVE AVENUE : <br> SPRINGFIELD PA 19064 : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO REMAND**

Comes now plaintiff Atlantic Mutual Insurance Company, by and through its attorneys of record, Marshall, Dennehey, Warner, Coleman and Goggin, and submits this response in opposition to the Motion to Remand filed on behalf of defendants' and in support thereof respectfully show the Court the following:

Plaintiff incorporates by reference herein its Memorandum of Law in Opposition to Defendants' Motion to Remand.

                                                                         Respectfully submitted,

                                                                          MARSHALL, DENNEHEY, WARNER,
                                                                          COLEMAN AND GOGGIN

                                                    BY: _____
                                                               WILLIAM K. CONKIN
                                                               Attorney for Plaintiff

\01_18\LIAB\WKC\LLPG\243292\DBG\01155\00169

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY<br>100 WALL STREET<br>NEW YORK, NY  10005<br><br>v.<br><br>KATHLEEN GULA AND HER HUSBAND,<br>PAUL GULA<br>824 GROVE AVENUE<br>SPRINGFIELD PA 19064 | CIVIL ACTION NO.:  02-CV-03807-EL |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO REMAND**

**I.   INTRODUCTION**

The case at bar is a declaratory judgment action in which plaintiff, Atlantic Mutual Insurance Company, seeks a declaration as to the duty to defend and indemnify its insured Novaeon, Inc., which is a defendant in the underlying tort action filed on behalf of the Gulas (defendants herein) in which medical malpractice-type claims are alleged.  Defendants have answered the suit and have filed a Motion to "Remand" to which this pleading responds.  Plaintiff requests that the Motion be denied for the reasons and authorities set forth herein below.

Defendants ask for the impossible - namely, a "remand" of this case "back to the Court of Common Pleas of Delaware County."  Since this declaratory judgment case was filed in the Eastern District of Pennsylvania, (and not removed) their "remand" is an unavailable option.  For that reason alone, defendants' Motion should be denied.

To the extent that defendants' Motion could be read as a request that the Court decline to accept jurisdiction either by virtue of abstention doctrines or on the basis that jurisdiction over a declaratory judgment action may be declined, plaintiff would show that the applicable United States Supreme Court case law as well as that from the Third Circuit supports jurisdiction over the instant declaratory judgment action.

An examination of the appropriate tests for determining whether jurisdiction over this case should be entertained by the District Court, reveals that jurisdiction is completely proper and it should therefore not be declined. In addition, the considerations and principles which attend the question of jurisdiction compel the conclusion that jurisdiction is proper. This is especially true since there is no pending parallel state court case which, as the instant case does, concerns the issue of insurance coverage for the duty to defend and indemnify.

Since there is no predicate for remand nor basis under the Supreme Court or Third Circuit case law for dismissal, this Honorable Court is respectfully requested to deny the Motion and retain jurisdiction over the case.

## II.    UNDERLYING TORT SUITS

Kathleen and Paul Gula have filed two tort suits for personal injuries which are pending in Delaware County, Pennsylvania. One suit named TMCA/Novaeon, Inc. as a defendant ("Novaeon") on a theory of liability that it failed to perform its obligations to Kathleen Gula such that she was unable to obtain adequate, timely and proper health care. In essence, that suit alleges a medical-malpractice type of liability. (See Complaint of Kathleen and Paul Gula attached as Exhibit "B" to defendants' Motion to Remand at paragraphs 26 and 27). Novaeon was insured by the plaintiff in this case, Atlantic Mutual The underlying tort suit case against Novaeon has been stayed since June 21, 2002.

Defendants also filed a second tort suit against a number of health care providers and doctors in Delaware County (i.e., Gula, et al. v. Ken Wynne, P.A. et al.) alleging medical negligence and damages arising from the same accident as in the Novaeon suit. Atlantic Mutual did not insure any defendant in the Wynne matter.

Plaintiff's insured, Novaeon, had gone into bankruptcy prior to the lawsuit filed against it by the Gulas. Novaeon apparently is no longer in existence and the bankruptcy proceeding has either become final or will be in the near future. Defendants correctly state in their Motion to Remand that they obtained a stipulation which

granted them relief from the automatic stay of the bankruptcy proceeding so as to pursue their claim against Novaeon but only to the extent of any liability insurance indemnification amounts which would be available. Novaeon itself is expressly immune from any liability to the Gulas by virtue of the stipulation for relief from the automatic stay. (See Exhibit "A" to Defendant Gulas' Motion for Remand).

This point is important since there can be no conflict of interest in the prosecution of the instant declaratory judgment action in District Court, which is a factor when considering whether to entertain jurisdiction of this case. In other words, and as will be discussed in more detail, it is proper to consider whether the District Court declaratory judgment action will place an insurance company in a position of having a conflict of interest by advocating and therefore seeking factual determinations which may have a res judicata effect on the underlying tort suit to the prejudice of the insured. As an example, where an insurance company seeks to establish that the insured committed an intentional act in a District Court declaratory judgment case, and is successful in establishing such a fact, then that fact would be established for purposes of the state court action pursuant to the doctrine res judicata. Such a finding would obviously be detrimental to the insured in the underlying tort suit as it would establish liability with the insured for intentional conduct. In the case at bar, given the fact that there is a limitation on what the Gulas can recover (i.e., only insurance proceeds, if available, and not any money from Novaeon) a conflict of interest situation is impossible. This is because there can be no prejudice to Novaeon since that entity's liability has been extinguished both by the stipulation and the bankruptcy. Furthermore, no fact regarding the coverage questions in the case at bar will have any impact on any issue in the underlying tort suit.

The instant declaratory judgment action seeks a declaration that the duties to defend and indemnify are not triggered by the allegations in the Gula Complaint now pending in Delaware County. Accordingly, the determination of the declaratory judgment action may be accomplished by reviewing the allegations in the Complaint in the underlying tort suit and the provisions in the insurance policy.

III.     **ARGUMENT AND AUTHORITY**

A.  **Abstention Doctrines do not support Defendants' Motion to Remand.**

To the extent that defendants suggest that this Court dismiss the case based upon any abstention doctrine, plaintiff would refer the Court to Grode v. The Mutual Fire, Marine and Inland Insurance Co., 8 F.3rd 953 (3d Cir. 1993).  In Grode, the Third Circuit discusses and explains the four types of abstention (i.e., Pullman, Burford, Colorado River and Younger).  A precept of abstention law is that unless one of the abstention doctrines applies to a certain set of facts, federal courts have a "virtually unflagging obligation" to exercise their properly invoked jurisdiction.  (Grode 8 F.3rd at 13).  Of the four abstention doctrines, the Colorado River variety is the most applicable to this case.  However, the "exceptional circumstances" requirement of Colorado River is not present in this case and furthermore, defendants have not identified nor argued that any factual scenario arises to the level of an "exceptional circumstance" which is required in order for the invocation of any abstention doctrine.  Accordingly, there is no basis which supports the argument that the Court should abstain from jurisdiction pursuant to any abstention doctrine.

B.     **Declaratory Judgment Jurisdiction**

Defendants rely on several United States Supreme Court cases and place great reliance on the Third Circuit Opinion in Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213 (3d Cir. 1989).  These cases stand for the proposition that a District Court has greater discretion in deciding whether to accept or decline jurisdiction of a declaratory judgment action than in a non-declaratory judgment diversity case.  Notwithstanding defendants' reliance on these cases, a close reading of them and an appreciation for the principles and considerations articulated therein, leads to the conclusion that jurisdiction over this case should stay with this District Court.

The Terra Nova Court focused on the Federal Declaratory Judgment Act and concluded that the language of the Act did not mandate a "virtually unflagging obligation of the federal courts to exercise jurisdiction." (Terra Nova, 887 F.2d at 1222). Importantly, the opinion went on to state that "jurisdiction may be declined if state court litigation will resolve the substance of the issues in the federal suit …" (Id. at 1222 n.10). Furthermore, the Court, quoting the United States Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) wrote:

> Federal court should consider whether a state court suit 'present[s] the same issues, not governed by federal law, between the same parties' and whether state court is better able to settle controversy.

Terra Nova, 889 F.2d at 1224.

The Third Circuit identified appropriate factors, considerations and principles that a District Court should address when deciding whether to accept or decline jurisdiction over a declaratory judgment action case. These include the following:

### FACTORS

1. Avoidance of duplicative litigation

2. Avoidance of piecemeal litigation

3. Likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy.

4. Convenience of the parties.

5. Public interest in a settlement of the uncertainty of obligations.

6. Availability and relative convenience of other remedies.

Terra Nova, 889 F.2d at 1225.

### PRINCIPLES AND CONSIDERATIONS

1. Prevention of a declaratory judgment case as a method of "procedural fencing" or as a means to provide another forum in a race for res judicata.

    2.      Avoidance of a conflict if same fact question lies at the heart of both an insurance coverage dispute and the underlying tort action.

Terra Nova, 889 F.2d at 1225, 1226.

    3.      Avoidance of deciding unsettled questions of state law.

State Farm v. Summy, 234 F.3d 131 (3d Cir. 2000)

    4.      A critical question is "whether the questions and controversy between the parties to the federal suit, and which [were] not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in the state court."

State Farm v. Summy, 234 F.3d at 134 quoting from Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). (Emphasis supplied).

**C.    ANALYSIS**

The analysis of all of the factors, principles and considerations in connection with the facts of the case at bar, supports acceptance of jurisdiction over this declaratory judgment action. The principle fact supporting jurisdiction is that <u>no parallel state court action exists</u> which concerns the question of insurance coverage.[1] In this connection, the critical question that the Brillhart case instructs to be asked is whether the question in controversy can be settled in the proceeding pending in the state court. However, in the case at bar, there is no parallel proceeding which is pending in state court. Therefore, the critical question in Brillhart is moot. That, in and of itself, justifies retention of jurisdiction over this case.

Furthermore, a factor-by-factor analysis together with a scrutiny of the principles and considerations relative to this case additionally supports jurisdiction.

**1. Avoidance of duplicative litigation.**

---

[1] There are two trial level opinions which take the position that the non-existence of a pending State Court case concerning the same questions as a District Court declaratory judgment case is not a reason to accept jurisdiction. Those cases are inconsistent with defendants' authority as well as the Terra Nova case and should not be determinative for the motion. (See Allstate v. Seelye, 198 F. Supp. 629 (W.D. Pa. 2002) and Westport Insurance Corp. v. Crum & Forster Insurance Co., 2001 U.S. Dist. LEXIS 4473.

As has been stated, there is no duplicative litigation since there is no issue in the underlying tort suit which concerns the duties to defend or indemnify in which are the substance of the declaratory judgment action. Thus, no duplicative litigation exists.

**2. Avoidance of piecemeal litigation.**

Retention of jurisdiction over this case will not make any change in the number of lawsuits that are currently on file (ie. the tort suit and the declaratory judgment suit). It is indisputably improper to inject the issue of insurance coverage into a underlying tort suit pursuant to the Rules of Evidence and applicable case law. Therefore, the questions that the case at bar concerns (ie. whether there are duties to defend and indemnify) would have to be brought in a separate suit. As a result, no change would take place in the amount of litigation needed to resolve both the tort and declaratory judgment action since they could not be combined into one piece of litigation. Therefore, the goal of avoidance of piecemeal litigation would not be served by a dismissal of the instant case.

**3. Likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy.**

A declaration from the trial level or a subsequent appellate court as to the question of insurance coverage will certainly resolve the uncertainty of obligation of whether the insurance policy in question provides coverage for the duties to defend and indemnify. This factor supports a jurisdiction.

**4. Convenience of the parties.**

The current forum is very convenient for the parties and is probably a more convenient forum for defendants than is Delaware County, Pennsylvania given the fact that their attorney's office is in Center City, Philadelphia. As noted, this case concerns questions of insurance coverage and those questions are decided by reviewing the insurance policy in question along with the allegations in the Complaint. Accordingly, this case will almost certainly be resolved via a motion for judgment on the pleadings or a motion for summary judgment without much of any discovery. There does not appear to be any need to take the depositions of defendants

given the Rules of Evidence for the interpretation of insurance policy obligations. Even if defendants were to be deposed, plaintiff would agree to have them deposed in Delaware County. Therefore, the current forum is more convenient than is Delaware County, Pennsylvania.

**5. Public interest.**

The public interest in settlement of the uncertainty of an obligation will definitely be satisfied by the District Court in this case.

**6. Availability and relative convenience of other remedies.**

Although a declaratory judgment action could be filed in Delaware County, Pennsylvania the parties are already in District Court. It is clearly more convenient for the parties' attorneys to prosecute the declaratory judgment in the District Court in Philadelphia rather than in Delaware County as defendants request since there will be much less travel time incurred and therefore less expense incurred by the parties. It will also be more cost effective since the suit is already on file here and will not have to be re-filed. Furthermore, should the case be dismissed and re-filed then there will be a delay in the adjudication of the questions of coverage which is clearly an inconvenience. Both plaintiff and defendants should be able to obtain answers to the coverage questions sooner rather than later. Dismissal of the instant suit and its refiling in Delaware County will only delay obtaining answers to those questions.

**PRINCIPLES AND CONSIDERATIONS**

In addition to the above factors, there are principles and considerations that have been identified which should be addressed when considering whether to accept or decline jurisdiction over declaratory judgment action. As noted above, they include the following:

1. Prevention of a declaratory judgment as a method of "procedural fencing" or as a means to provide another forum in a race for res judicata.

The potential for "procedural fencing" does not exist in this case simply by virtue of the fact that the insured, Novaeon, is completely immune from liability to the defendants in the underlying tort suit. Novaeon's

immunity from liability is demonstrated by Exhibit "A" to defendant's Motion to Remand which is the Stipulation for Relief from the Automatic Stay.  By the very terms of the Stipulation which, in pertinent part read as follows:

> 3.  Kathleen and Paul Gula agree that in the event that applicable insurance is not sufficient to indemnify amu award or judgment rendered against or agreed to by Novaeon, Inc. in their favor, then they waive any right to execute, pursue or otherwise seek recompense from the non-insurance assets of the debtor Novaeon, Inc. and further agree to limit their recovery against Novaeon, Inc. to the amount of applicable insurance; Kathleen and Paul Gula state that they understand that this waiver applies to any deductibles or retainages stated in the applicable policy or policies.  (See Exhibit "A" to defendants' Motion to Remand).

By virtue of the immunity supplied to Novaeon by defendants, there is no danger of the application of the Doctrine of Res Judicata as to any fact determined by the District Court in the instant declaratory judgment action.

Not only is there no possibility of any prejudice to Novaeon by virtue of any fact found in the declaratory judgment action, there is no fact question in the instant declaratory judgment action that could possibly prejudice Novaeon.  In other declaratory judgment actions facts necessary for a determination of the insurance coverage question could have a res judicata impact on the underlying tort suit and also could be prejudicial to the insured.  For example where a declination of the duty to defend or indemnify is based upon an intentional act issue, a determination by the District Court in a declaratory judgment action (or even in a state court declaratory judgment action) that the insured acted "intentionally" will probably have a res judicata impact on the underlying tort litigation to the prejudice of the insured.  No such fact issue is present in this case.  The Complaint for Declaratory Judgment action sets forth a number of reasons why the duties to defend and indemnify are not triggered by virtue of the allegations in the underlying tort Complaint.  Among them is the allegation that the conduct alleged in the tort Complaint does not constitute an "occurrence".  An additional reason supporting a declination of coverage is the exclusion for "professional services" included in the contract.  These reasons as well as the others identified do not relate to any fact that is in issue in the underlying tort suit.

Instead, the focus of the declaratory judgment action is exclusively on the questions of coverage pertaining to the duties to defend and indemnify.  By virtue of these facts, it is not only impossible for any procedural fencing or "race for res judicata" to take place, even if it were possible, there could be no prejudice to the insured since no fact at issue in this case concerns any liability or damage fact issue in the underlying tort case.  Therefore, consideration of this principle supports jurisdiction over this case by the District Court.

7. **Avoidance of a conflict if same factual questions lay at the heart of both an insurance coverage dispute and the underlying tort action.**

For the reasons set forth immediately above, defendant would show that there is no possibility of any conflict since the same factual questions do not lay at the heart of both the insurance coverage dispute and the underlying tort action.  This constitutes further support for retention of jurisdiction by this Honorable Court.

8. **Avoidance of deciding unsettled questions of state law.**

There does not appear to be any danger of deciding unsettled questions of state law if this case stays with the Eastern District Court.  Defendants have not identified any "unsettled question of state law" they contend that the District Court will have to address.  District Court's have entertained many declaratory judgment actions concerning insurance coverage in which the question of whether there was an "occurrence" was alleged in the underlying tort suit thereby triggering coverage.  The Pennsylvania Supreme Court has addressed what constitutes an "occurrence" and therefore, that issue is not "unsettled".  (See <u>J. H. France Refractories Co., et al.</u> <u>v. Allstate Insurance Co.</u>, 626 A.2d 502 (Pa. 1993).

Additionally, the Pennsylvania Supreme Court has also defined "professional services".  (<u>Physicians Insurance Co. and Professional Adjustment Services, Inc. v. Francis J. Pistone, et al.,</u> 726 A.2d 339 (Pa. 1999).  Accordingly, there is no unsettled question of law with regard to these items.  Furthermore, there is no extrinsic evidence required for consideration of the coverage questions in connection with the above.  No other basis articulated in the Complaint for Declaratory Judgment as a ground for a declination of coverage involved and "unsettled question of law".  Furthermore, although plaintiff contends that the default judgment obtained in the

underlying tort case is invalid, the invalidity of the default judgment has no bearing upon the coverage questions in the instant case and will not be adjudicated in the instant declaratory judgment action as defendants' have

suggested that it would.  Therefore, the invalidity of the default judgment in the underlying tort case is completely irrelevant to the Motion to Remand now before the court.

     Even under the relaxed rules for deciding whether to accept or decline jurisdiction in a declaratory judgment action, the facts of this case justify retention of jurisdiction with the District Court.  Defendants' motion points to no reason nor provides any basis which supports a declination of jurisdiction.  Although defendants refer to "novel issues" on page 7 of their memorandum, they identify none.  Defendants also accuse plaintiff of "forum shopping" based upon "the fact that the insurer chose to come to Federal Court rather than simply file parallel pleadings in State Court . . .".  (See page 7 of defendants' Memorandum of Law).  If this were the definition of forum shopping than defendants are just as guilty for choosing to file in State Court rather than filing in Federal Court.  The issue of forum shopping does not exist in this case.

     Defendants also suggest that the matter of opening or striking the judgment in the underlying tort suit is more suited to State Court treatment than Federal Court treatment.  Plaintiff does not disagree.  As mentioned before, the invalidity of the default judgment in the underlying tort suit does not relate to the issue of coverage in the instant matter.  Plaintiff agrees that the underlying tort suit provides the proper forum for challenging the propriety of the default judgment.  As such, that piece of the underlying tort litigation has nothing to do with whether jurisdiction should be retained in the instant suit.

     For all the foregoing reasons, plaintiff requests that the court deny defendants' Motion to Remand and for such other and further relief both general and special at law or in equity to which plaintiff may show itself

justly entitled to receive and for which it will ever pray.

                                        Respectfully submitted,

                                        MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

                  BY: _____
                                        WILLIAM K. CONKIN, ESQUIRE
                                        Attorney for Plaintiff
                                        Atlantic Mutual Insurance Co.

Date: _____

**CERTIFICATE OF SERVICE**

I, William K. Conkin, Esquire, hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Remand and Memorandum of Law in Opposition to Defendants' Motion to Remand was forwarded to counsel named below on the date listed below:

**C. George Milner, Esquire**
The Atrium- Fourth Floor
1900 Market Street
Philadelphia, PA  19103


_____
WILLIAM K. CONKIN

Dated:_____