## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ATLANTIC MUTUAL INSURANCE COMPANY : 
100 WALL STREET                                    : 
NEW YORK, NY  10005                            : 
                                                              : 
                                                              :     CIVIL ACTION NO. 02-CV-03807-EL
                        v.                                 : 
                                                              : 
KATHLEEN GULA AND HER HUSBAND,  : 
PAUL GULA                                          : 
824 GROVE AVENUE                             : 
SPRINGFIELD, PA 19064                       : 

## MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW plaintiff, Atlantic Mutual Insurance Company ("Atlantic Mutual"), and by

and through its attorneys, Marshall, Dennehey, Warner, Coleman and Goggin, files this Motion

for Judgment on the Pleadings and would show the Court the following:

**I.       PARTIES**

1.       Plaintiff, Atlantic Mutual, is a corporation in the state of New York with its

principal place of business located in the state of New York and which maintains and conducts

business at the above-listed address.  It is therefore considered a citizen of the State of New

York.

2.       Defendants, Kathleen Gula and her husband, Paul Gula, are citizens and residents

of the Commonwealth of Pennsylvania and reside at 824 Grove Avenue, Springfield, PA  19064.

**II.      JURISDICTION AND VENUE**

3.       This Honorable Court has jurisdiction over this matter by virtue of diversity

jurisdiction pursuant to 28 U.S.C. § 1332 and because the amount in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## III.    MOTION FOR JUDGMENT ON THE PLEADINGS

4.    Plaintiff moves for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

5.    A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is treated using the same standard as under Fed. R. Civ. P. 12(6).  Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991).  Dismissal is warranted only if it appears beyond doubt that the party asserting the claim can prove no set of facts in support of his claim which would entitled him to relief.  Conley v. Gibson, 355 U.S. 41, 45-56, 2L Ed. 2d 80, 78 S. Ct. 99 (1957); Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3rd Cir. 2001).

6.    When considering a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court must consider as true any well-pleaded factual allegations in the pleadings, must draw any permissible inferences from those facts in the non-moving party's favor, and may grant a motion for judgment on the pleadings only when the non-moving party has alleged no set of facts that, if subsequently proved, would entitle relief.  Ohio Casualty Group of Insurance Companies v. Werley, CA No. 01-7257, 2002 U.S. Dist. LEXIS 18109 (E.D. Pa. 2002); DeBraur v. Messner, 958 F.Supp. 227, 229 (E.D. Pa. 1997) (citing, Hishon v. King & Spalding, 467 U.S. 69, 73 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

## IV.    OPERATIVE FACTS

6.    This matter is brought following a controversy arising under the provisions of a commercial insurance policy issued by plaintiff, Atlantic Mutual, to Novaeon, Inc.

7.    The insurance policy in question bears policy  No. 432 30-16-79 and was in full force and effect during the relevant time period.

8.    The insured, Novaeon, Inc., filed for relief pursuant to the U.S. Bankruptcy Code in an action captioned *In Re:  Novaeon, Inc., debtor*, No. 00-18821 (BIF) in the Bankruptcy Court for the Eastern District of Pennsylvania.

9.    Defendants, Kathleen Gula and her husband, Paul Gula, then obtained a stipulation for relief from the automatic stay in order to seek recovery for personal injuries and derivative claims (the subject of their Complaint) but limited to the liability insurance indemnification amounts applicable to their claims.  A copy of the stipulation which is dated January 17, 2001, is attached hereto marked Exhibit "C."

10.    Thereafter, on or about January 30, 2001, defendants, Kathleen Gula and her husband, Paul Gula, instituted a lawsuit in the Court of Common Pleas of Delaware County, PA, captioned *Kathleen Gula and her husband, Paul Gula, v. TMCA/Novaeon, Inc.*, Case No. 01-2011 in the year 2001 ("the underlying action").  A copy of the Complaint in the underlying action is attached hereto as Exhibit "B."

11.    The insured, Novaeon, Inc., never gave notice of the Gula's Complaint to plaintiff, Atlantic Mutual.

12.    Plaintiff learned of the Complaint in January 2002 when it received a letter from Attorney C. George Milner who wrote that he represented Kathleen Gula and Paul Gula in the underlying action.

13.    In a letter dated February 1, 2002, attorney Milner was informed by plaintiff, Atlantic Mutual, that it had determined there was no coverage afforded this matter under the

policy and that it respectfully declined to participate in the defense of this matter, referring to the

underlying action.

14.     Defendants have apparently obtained a default judgment in the underlying action

on or about April 15, 2002, although it does not appear from the records available to plaintiff that

Rule 237.1 of the Pa. Rules of Civil Procedure was followed which requires that a written notice

of the intention to file a Praecipe for entry of judgment by default be mailed or delivered at least

ten (10) days prior to the date of the filing of the Praecipe <u>to the party against whom judgment is</u>

<u>to be entered and to the party's attorney of record, if any</u>.  (Emphasis supplied.)  In this case, the

notice of intent to file the Praecipe for the entry of default judgment was not mailed to Novaeon,

Inc., the party against whom the judgment was to be entered, nor was there any attorney of

record in that case.  Accordingly, the default judgment would appear to be improperly obtained

based upon the face of the record known to plaintiff at this time.

15.     The operative facts as alleged in the Complaint of the underlying action are as

follows:

> 3.     Kathleen Gula fell while she was setting up diagnostic
> equipment during the course of her employment as an x-ray technician at
> Taylor Hospital.  The fall occurred on January 10, 1999.
>
> 6.     Kathleen Gula visited her family physician who told her
> that her problems were the result of her fall at work and she should see
> Park Care Health Organization for medical treatment.
>
> 7.     On February 24, 1999 Ken Wynne, Physician's Assistant,
> of Park Care saw her, advised that she return to work on light duty, have
> an MRI done, and prescribed a leg brace to support her foot and ankle.
>
> 10.     As of March 28, 1999 Kathleen Gula was advised that a
> pre-certification for an EMG from Novaeon, Inc. was required and she
> was told to call Novaeon directly to get the certification for the diagnostic
> procedure.

11.    On March 30, 1999 Novaeon certified Kathleen Gula for physical therapy and for an EMG which was done on April 1, 1999.

12.    Dr. Bruce Grossinger, a neurologist to whom Kathleen Gula was sent, diagnosed Kathleen Gula's left common peroneal nerve entrapment and erroneously recommended against surgery.

14.    Dissatisfied with the care she was getting, Kathleen Gula secured an appointment with Vidyar Citale, M.D., a neurosurgeon, who scheduled her for surgery to release the peroneal nerve.  The surgery was performed on May 24, 1999.

16.    As a result of the missed diagnosis and needless treatment delays and diagnostic delays and administrative requirements which caused delays, plaintiff Kathleen Gula was not provided the appropriate and timely medial care.

25.    TMCA/Novaeon, Inc., is the health care management administrator or vendor to or for Kathleen Gula's employer through whom and with whose approval she is required to seek medical care and treatment.

26.    TMCA/Novaeon, Inc. failed to establish and implement reasonable processes and procedures for plaintiff to get adequate, timely and proper health care for her injury.

27.    As a result of TMCA/Novaeon, Inc.'s failure to perform its obligations plaintiff's opportunity for proper and timely treatment was lost and she is left with the permanent incapacities alleged hereinbefore.

(See Exhibit "B" attached hereto.)

16.    At all relevant times, the commercial insurance policy issued to Novaeon, Inc. by plaintiff stated in Section 1, coverage A, bodily injury and property damage the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(A true and correct copy of the policy is attached hereto as Exhibit "A").

17.     At all relevant times, the insuring agreement also provided for the following:

This insurance applies to "bodily injury"…only if:  (I) the "bodily injury"…is caused by an "occurrence" that takes place in the "coverage territory".

18.     At all relevant times, the insuring agreement defined "bodily injury" as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from an of these at any time.

19.     At all relevant times, the insuring agreement defined "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.[1]

20.     The operative facts in Plantiff's Complaint do not allege an "occurrence" as defined in the policy and, therefore, the claim does not fall within the terms of coverage under the Atlantic Mutual Commercial General Liability policy.

21.     At all relevant times, the policy contained the following exclusion to coverage A for bodily injury:

2.     Exclusions.
This insurance does not apply to:  (j) "bodily injury" … arising out of the rendering or failure to render professional services.[2]

22.     The operative conduct in the Plaintiff's Complaint in the underlying action alleges bodily injury arising out of the rendering or failure to render professional services for which coverage is excluded by exclusion 2.(j).

23.     At all relevant times, the policy contained the following exclusion to coverage A for bodily injury:

---

[1] See, Exhibit "A, 2."
[2] See, Exhibit "A, 1."

This insurance does not apply to: (b) "bodily injury" … for which
the insured is obligated to pay damages by reason of the
assumption of liability in a contract or agreement.

24.    The operative conduct alleges bodily injury arising out of acts which appear to be related to the assumption of liability in a contract or agreement for which coverage is excluded by exclusion to 2.(b).

25.    The insured, Novaeon, Inc. did not comply with the notice duties in the insuring agreement and plaintiff was prejudiced.

WHEREFORE, Plaintiff, Atlantic Mutual Insurance Company, respectfully requests that this Honorable Court enter a judgment in its favor and against defendants and for such other and further relief, at law or in equity, including attorney's fees to which plaintiff may show itself justly entitled and for which it will ever pray.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
        William K. Conkin, Esquire
        Attorney for Defendant
        Atlantic Mutual Insurance Company

Date:_____

\01_18\LIAB\RAW\TRLD\243556\RAW\01155\00169