IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY : : : : v. : : KATHLEEN GULA AND HER HUSBAND : PAUL GULA : | CIVIL ACTION No. 02-CV-3807 |

## **MEMORANDUM - ORDER**

AND NOW, this 21st day of October, 2002, the motion of defendants Kathleen Gula and, her husband, Paul Gula to remand the complaint - treated as a motion to dismiss - is granted; and defendant Atlantic Mutual Insurance Company's motion for judgment on the pleadings is dismissed as moot, and Fed. R. Civ. P. Rule 12(c) ; 28 U.S.C. §2201. Jurisdiction is diversity, 28 U.S.C. §1332.

In 1998, Atlantic Mutual issued an "Insurance for Professional Services" policy to Novaeon, Inc., a disability and health care management company. On July 14, 2000, Novaeon filed a bankruptcy petition and an automatic stay was issued. On January 17, 2001, the Gulas obtained relief from the stay[1] to permit them to sue Novaeon for personal injury expenses.

On January 30, 2001, the Gulas instituted suit against Novaeon in the Delaware County Court of Common Pleas. The complaint alleges that on January 10, 1999, while working as an x-ray technician for Novaeon's client Taylor Hospital, Kathleen Gula

---

[1] Stipulation from Relief from Automatic Stay, No. 00-18821(E.D.Pa. 2001)

fell and sustained nerve damage in her foot.    On April 15, 2000, the Gulas obtained a default judgment. [2]   On June 17, 2002, Atlantic Mutual filed the present declaratory judgment action. Its position is that, under Pennsylvania law, the insurance policy does not provide coverage for the Gulas's claims.

The Declaratory Judgment Act gives federal courts the power to grant declaratory relief,  the exercise of which is discretionary. 28 U.S.C. §2201, 2202;   State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d. Cir. 2000) *citing* Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).   Under Summy, a declaratory judgment action involving federal issues, such as federal statutory interpretation, the government's choice of a federal forum,  issues of sovereign immunity, or inadequacy of the state proceeding, id. at 134 *citing* United States v. Commonwealth of Pennsylvania, Department of Environmental Resources, 923 F.2d at 1071, 1076-1079 (3d Cir. 1991), must be entertained.  However, declination of jurisdiction is appropriate where the same issues are pending in state court, when the state law involved is uncertain or undetermined,  and where there are no federal questions presented. Summy 234 F.3d at 132-135.   Where the subject of a declaratory judgment action is insurance coverage, another factor is the " inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of policy exclusion." Id. at 134.

Here, the state court action is set for trial in March 2003. [3]  Atlantic Mutual admits

---

[2]  A letter from Atlantic Mutual stated that there was no insurance coverage and that it declined to defend the lawsuit.

[3]  Atlantic Mutual contends that it cannot assert all of the issues pending before this court in the existing state proceedings and that parallel state proceedings would be required. Deft's memorandum of law in support of motion to remand, at 7.  This is not a bar to dismissal

that the insurance coverage issues are well settled under Pennsylvania law, Deft's mem. of law in support mot. for judgment on the pleadings, at 6-7, and that it is not foreclosed from raising all issues before this court in a state court action. Pltf's memorandum of law in opposition to deft's motion to remand, at 8. As noted in Summy, "[w]hen the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts." 234 F.3d at 136. Additionally, the complaint filed here questions the validity of the state default judgment. Cmpl., ¶ 13. That issue is best decided by the state court in which the default judgment is pending.

The determination of the issues in this case will be left to the state court.⁴ "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." 234 F.3d at 136.



Edmund V. Ludwig, J.

---

given " . . . the ease with which either party can file an appropriate declaratory judgment action in state court." Westport Ins. Corp. v. Crum & Forster Ins. Co., 2001 WL 274328, *5 (D.N.J.,2001). Further, it has been held that even absent parallel state court proceedings, a federal district court should decline jurisdiction where an insurer sues for declaratory judgment based solely on diversity jurisdiction. Allstate Ins. Co. v. Seelye, 198 F.Supp.2d 629, 631-632 (W.D.Pa.,2002); Westport, 2001 WL 274328, *5 (D.N.J.,2001).

⁴ Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).